MRS. CLYDA WARD, Appellee, v. MOSE MARKS, Appellant.

**ASSAULT AND BATTERY:** Removal of Trespasser—Force Permissible. Instruction reviewed, and held fairly to present the thought that defendant, in removing a discharged employee from the premises, must not use more force than was reasonably necessary.

**APPEAL AND ERROR:** Curing Error by Remittitur. Error in permitting the jury to return a verdict for a nonallowable recovery is cured by the total remission thereof by the successful party.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

ACTION for damages. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Miller, Parker, Riley & Stewart,* for appellant.

*J. A. Merritt,* for appellee.

STEVENS, J.—I.  Plaintiff, who was, during the week prior to September 15, 1919, employed by the Marks Hat Company, in the city of Des Moines, alleged in her petition that, when she presented herself at the office of the company about 7:30 on the morning of the above date, the defendant, who is the secretary and treasurer of the said company, and who had authority to employ and discharge help, without permitting plaintiff to remove her working clothes used by her and left in the building, willfully and violently assaulted and ejected her from the premises; that, as the result, she lost working clothes of the value of $2.00, and suffered great humiliation, mental pain, and anguish, for which she demanded damages in the sum of $1,000. The defendant denied the alleged assault, and averred in his answer that whatever was done by him was necessary for the reasonable protection of the property and rights of himself and the company.

The plaintiff testified, in support of the allegations of her petition, that the defendant, among other things, said to her that he understood that she had been making remarks against the firm; that she remonstrated, and asked permission to explain; that defendant refused to listen to any explanation; that he became angry, and told her that she was discharged, and immediately took hold of her shoulders and forcibly ejected her from the premises. The defendant emphatically denied that he committed an assault upon the plaintiff, or that he was nearer to her than six feet, except to hand her a package which plaintiff testified contained her daughter's apron and a pair of scissors.

The trial resulted in a verdict for plaintiff for $152. She

later remitted $2.10, the alleged value of the working clothes, with interest thereon, and judgment was entered in her favor for $149.90. The court, however, overruled defendant's motion for a new trial, upon condition that plaintiff remit all of the verdict in excess of $100. This plaintiff did.

At the close of all the evidence, the defendant moved the court for a directed verdict. The motion was overruled. This ruling by the court is assigned as error. The plaintiff's version of what occurred clearly presented an issue of fact for the jury. We do not deem it necessary to enter further upon a discussion of this point.

II. The other matters complained of relate to alleged errors in the instructions given by the court to the jury upon its own motion, and its refusal to give two instructions requested by the defendant. The substance of Instruction No. 1, asked by the defendant, was that, if the jury found that the defendant discharged plaintiff, as he had a right to do, and that he further ordered her to leave the premises, and she refused to go, she then became a trespasser, and the defendant was justified, as a matter of law, in removing her from said premises, ''provided he used no more force in doing so than then seemed to him reasonably necessary.''

1. ASSAULT AND BATTERY: removal of trespasser: force permissible.

Instruction No. 2, requested by the defendant, is as follows:

''You are instructed that, if defendant ordered plaintiff to leave his place of business, and plaintiff refused to do so, plaintiff, in order to recover in this action, must prove by the preponderance of the evidence that defendant used more force than was necessary in removing plaintiff from his place of business.''

The court, in Paragraph 4 of its charge, in substance instructed the jury that the defendant had the right to employ and discharge help for the Marks Hat Company; that he had a right to discharge the plaintiff; that, if he in fact discharged her and ordered her to leave the premises, and she refused to go, he had a right, after giving her a reasonable time to do so, to use such force as was necessary to remove her therefrom; and that, before plaintiff could recover, it was necessary for her to show, by a preponderance of the evidence, that the defendant

used more force than was necessary, if any force was used in removing her from said premises; and that it was his duty to conduct himself and to do only such things as a reasonably prudent man would do under the circumstances, to protect his property and business against the intrusion of the plaintiff and to remove her from the building. The court also left it to the jury to say what would be a reasonable time, under the circumstances shown, to permit plaintiff to leave the premises, before he would be justified in forcibly removing her therefrom.

It will be observed that the language of requested Instruction No. 1 limited the defendant to the use of such force as "then seemed to him reasonably necessary," and that the word "reasonably" is omitted from requested Instruction No. 2 and from Instruction No. 4. The exceptions lodged against Instruction No. 4 are that its language is contradictory, confusing, and misleading.

The substance of the requested instructions is included in Paragraph 4 of the court's charge. It is true that the court did not specifically qualify the word "necessary" by the use of the word "reasonably," yet we think that the criticism of this instruction is rather technical. The jury was told that defendant could use no greater force than was necessary, in removing plaintiff from the premises and in the protection of his property, and that he was bound to conduct himself as a reasonably prudent man would do. The instruction as a whole could not have been misinterpreted or misunderstood, nor do we think its terms so confusing as to have misled the jury. Many authorities are cited by counsel for appellant, to sustain the doctrine of the requested instructions; but, as their holding is in substantial accord with the language of this court in *Redfield v. Redfield*, 75 Iowa 435, we shall not undertake to review or discuss them. The distinctions pointed out in the cases were fairly observed in the court's charge, and we find no reversible error therein.

III. The court permitted the plaintiff to recover the value of the working clothes which she alleged were retained by the defendant. It is contended by appellant that this issue was wholly unsupported by the evidence, and that its submission worked prejudice

2. APPEAL AND ERROR: curing error by remittitur.

to the defendant. Conceding this to be true, the prejudice went no further than to authorize recovery for the value of the clothing, and this was removed by the remission of the amount after the verdict, and the further reduction thereof by the order of the court and the election of the plaintiff.

While the case made by plaintiff is not a very strong one, a careful consideration of the record and of the errors relied upon for reversal leads us to the conclusion that no reversible error was committed by the court, and its judgment is, accordingly,—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.