HENRY GARMON, Appellee, v. C. H. CRONK, Appellant.

**APPEAL AND ERROR: Harmless Error—Curing Error.** A litigant may not predicate error on faulty instructions relative to the amount due him on a certain transaction, when the court, in ruling on the exception, compels the prevailing party to credit the complainant with the full amount of his claim.

**TROVER AND CONVERSION: Acts Constituting—Demand.** Damages may not be based on the withholding of property when the withholding was legal in the absence of a demand for a surrender, and no such demand was made.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

OCTOBER 16, 1923.

ACTION at law, to recover alleged wages and one other item not material to our consideration. There was a counterclaim for supplies furnished, and for damages for an alleged assault by plaintiff upon the defendant, and for a depreciation in value of defendant's stock while the same were withheld from the control of the defendant. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*E. Rominger* and *Roberts & Webber*, for appellant.

*Payne & Goodson*, for appellee.

EVANS, J.—The total amount claimed by plaintiff was about $1,900. The counterclaim of defendant amounted to about $5,000. The recovery allowed plaintiff by the jury was $859.59. The plaintiff sued for alleged wages due to himself and wife and two minor sons for labor upon the farm of the defendant, which farm was occupied by the plaintiff. He sued upon an

express oral promise to pay stated wages. The defendant denied the contract, and averred that the plaintiff occupied and worked the farm under an agreement for a division of the profits. This was the chief issue upon plaintiff's cause of action. The time covered by the plaintiff's claim was from November 5, 1919, to December 8, 1920.

The defendant alleged in his counterclaim, and testified in support thereof, that, in August, 1920, the plaintiff had assaulted him in the town of Bloomfield, and had severely injured him. He claimed $2,500 of damages on that account. He also averred that he had thereby been prevented from going upon the farm, through fear of the plaintiff, and had been prevented from resuming possession of his stock until December, 1920, during which period of time the market value of the stock greatly depreciated, for which he claimed damages in the amount of $1,700.

Two errors are assigned on this appeal.

I. The defendant put in evidence a certain paper which purported to be an account stated, and to be signed by both of the parties, and to show a balance of $14.67 due the defendant

1. APPEAL AND ERROR: harmless error: curing error. from the plaintiff. This paper was identified in the record as Exhibit D-1. By a clerical error in the instructions, the court referred to this exhibit as "p-1." Prejudicial error is assigned thereon.

It appears that the plaintiff denied his purported signature. Other signatures of the plaintiff were put in evidence, for the purpose of comparison. The genuineness of the signature of Exhibit D-1 was one of the issues for decision.

On motion for a new trial, the trial court solved all doubts in favor of defendant, and required the plaintiff to remit from his verdict $14.67. Manifestly, this was done in order to cure any prejudicial error resulting to the defendant by reason of the clerical error in the instructions. It is contended for the appellant, however, that the error was not thus cured, because the paper had great significance as substantive evidence of the existence of the alleged agreement for the division of profits, rather than an agreement for wages. It appears by undisputed evidence that, in the spring of 1919, the plaintiff was employed by the defendant to cut some wood and some brush and to build

some fence, and this work had been done on various dates in the course of the spring and summer. The paper purported to be a settlement up to November 1st. The plaintiff's occupancy of the defendant's farm for the purpose of working the same did not begin until after the 5th of November, 1920, and plaintiff's claim is confined to wages accrued subsequent to November 5th. We see nothing in the exhibit in question that has any relevancy to the proof of the terms of the new agreement under which plaintiff performed labor after November 5th. We hold, therefore, that the error, if any, was wholly cured by the remittitur required by the trial court and acceded to by the plaintiff.

II. In the submission of defendant's counterclaim to the jury, the court withdrew the item claimed for depreciation in the value of his stock while the same was detained from his possession by the plaintiff. Appellant assigns error upon this feature of the instructions. The ground of the withdrawal by the trial court was that there was no evidence to sustain the item. Manifestly, it was incumbent upon the appellant, in support of this item, to introduce evidence, not only of the depreciation of the stock during the specified period of time, but that the plaintiff had wrongfully detained them from the possession or control of the defendant. The only evidence brought to our attention by the appellant on this feature of his proof is contained in the following sentence from the testimony of the defendant as a witness:

"If I had not been disturbed in the control of that stock, I would have put all the shoats, 66 head, and 7 of the sows on the market."

The plaintiff was rightfully in the care and control of the stock in question on August 20th and at all times thereafter until demand might be made therefor by the defendant. No such demand or request was ever made prior to December 8th. On that date, the defendant sent a man to the farm, to relieve the plaintiff of the property. The plaintiff immediately recognized his right, and moved off on the following day. The detention of the stock by the plaintiff was purely a constructive one, in the mind of the defendant. On August 20th, the parties had

2. TROVER AND CONVERSION: acts constituting: demand.

an altercation in the town of Bloomfield, at which time the plaintiff did assault and beat the defendant, as contended. Such an event doubtless destroyed all harmony and power of co-operation between the parties. The defendant doubtless had the right to terminate whatever arrangement he had with the plaintiff, and to resume the control of his property. He neither did so nor offered to do so. The plaintiff continued in the care and control of the property under the existing contract. He was still legally bound thereby. He was legally responsible in damages for the improper or negligent care thereof; likewise, for the conversion thereof. He was charged in the defendant's counterclaim both with conversion and with improper care. The issue on these allegations was submitted to the jury.

In the absence of demand or request by the defendant for the possession of his personal property, it was the merest conclusion on his part, as a witness, to say that he was "disturbed in his possession," or that plaintiff wrongfully retained the possession from him. We hold, therefore, that the trial court properly withdrew the item from the consideration of the jury.

No other errors are relied on for reversal. The judgment entered below is, accordingly, affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.