In Re Estate of Sarah Willmott

Lulu M. Kinart, Appellee, v. G. H. Willmott, Administrator, Appellant.

No. 41336.

September 20, 1932.

Rehearing Denied January 13, 1933.

Robertson & Robertson, for appellee.

Jepson, Struble & Sifford, for appellant.

DE GRAFF, J.—This case has been before this court heretofore. In re Willmott's Estate, 211 Iowa 34. The facts are concisely and fully set forth in the former opinion, herein cited, and the record facts in the present case do not contain any material facts in addition to those set forth in the former opinion. We do not repeat them herein. Suffice it to say that this is the usual claim filed against the administrator for services rendered to the decedent. The defenses are that the claimant was a member of the decedent's family and that the services rendered were gratuitous. The claimant established beyond question of doubt that an oral contract was made by the claimant's father with the decedent and for the benefit of the claimant, whereby the decedent agreed to pay an undetermined sum for whatever services the claimant might render unto the decedent during her life.

Written interrogatories were attached to the instructions, to be answered by the jury. The interrogatories and the answers are as follows:

"Interrogatory 1. Do you find from the evidence that there was a contract or agreement between J. W. Kinart and Sarah Willmott that Lulu Kinart would be paid for services rendered by her for deceased after May 10, 1922? Ans. Yes.

"Interrogatory 2. Do you find from the evidence that there was a mutual expectation between Lulu Kinart and Sarah Willmott that services rendered after May 10, 1922, by claimant would be paid for by Sarah Willmott? Ans. Yes."

The special finding by the jury that an express contract or agreement was entered into eliminates from our consideration a number of the fourteen errors relied upon for reversal.

It is claimed that the court should not have allowed the jury to pass upon the question as to whether or not there was an expectation on the part of the decedent to pay and on the part of the claimant to receive compensation for services rendered. Inasmuch as the jury found that there was an express contract entered into between the decedent and the father of claimant to the effect that the decedent would pay claimant well for her services, we see

no prejudicial error in the instructions of which complaint is made. It is only in the absence of an express contract that mutuality of expectation to pay or receive compensation for services must be shown. It having been proved that an express contract was entered into, the instructions relative to mutual expectation become mere surplusage upon which error cannot be predicated.

■ It is claimed by appellant that the court left to the jury the question of the "relations" between decedent and claimant. It is thought that this instruction permitted the jury to pass upon the question as to whether or not the claimant was a member of decedent's family; that the court should have instructed the jury that, as a matter of fact and law, the claimant's rights were to be determined as though she was a member of decedent's family. We cannot subscribe to this contention. The term "relations" was not used in its technical sense. It was intended to relate merely to the activities of the decedent and claimant, rather than to the legal status of claimant in so far as her claim is concerned. This is made clear by the fact that the court did instruct the jury, in another division of the instructions, that, "inasmuch as the claimant was a member of the family during the time in question, the law presumes that whatever services she may have rendered as a member of such family were rendered gratuitously." We think the language of this instruction is sufficiently clear to render this assignment of error untenable.

■ Appellant claims that the court failed to properly instruct the jury with respect to the computation of credits, interest, et cetera. The record discloses that a remittitur of all moneys about which there could have been any dispute on the question of gift or payment on account was filed by claimant and the verdict and judgment entered thereon reduced accordingly. Such being the case, the appellant's complaint with respect thereto is not tenable. The filing of the remittitur by claimant cured such error, if any. Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 1. c. 550; Kelly v. Muscatine, B. & S. R. Co., 195 Iowa 17.

The court instructed the jury that "the fact that the claimant was a member of the family of Sarah Willmott and received care and support in her family prior to May 10, 1922, cannot be considered by you as an offset or payment for services rendered by claimant after said date." This instruction is complained of for the alleged reason that the instruction has the force and effect of stating

to the jury that the facts referred to could not be considered for any purpose, and that the instruction minimized the premises from which the jury could draw the conclusion as to what the mutual expectations of the parties were. The instruction is not subject to the attack thus made upon it. The instruction is merely a cautionary instruction and correctly sets forth the law, and no reversible error was committed in giving the same.

 It is claimed that the court erred in allowing the claimant to testify as to what she herself did in the way of housework, care and the like for the decedent during her lifetime; that the witness was incompetent to give such testimony, under the so-called dead man's statute, Section 11257, Code 1927. We have often held that a claimant is an incompetent witness to give evidence of work, labor and services performed for a decedent, to support a claim filed against the administrator. See Peck v. McKean, 45 Iowa 18; Smith v. Johnson, 45 Iowa 308; Wilson v. Wilson, 52 Iowa 44; In re Estate of Kahl, 210 Iowa 903; Cowan v. Musgrave, 73 Iowa 384. Effort was made to confine the testimony, by the process of elimination, to such as would be competent and such as the witness might properly give. Some of the evidence, however, was not of that character. The witness detailed the condition of the decedent and the difficulty with which the decedent got about, her inability to sleep, the necessity of her getting up several times, and the fact that the decedent did little or no work, and could not comb her own hair, dress nor undress herself without help. The claimant testified, without any objection, on direct examination. as follows:

"When she got up at nights, I always got up with her, and she had to be helped. * * * The washing was done on an old-fashioned washboard, and I always did that. * * * I am the only one that did the housework."

This testimony, as has been said, was admitted without any objection. The objections that were made were to questions asking the witness to detail certain conversations in which she took no part, which she had overheard, between the decedent and others. No assignment of error is made on the ground that this testimony was erroneously admitted, but the whole assignment is based upon the admission of testimony as has heretofore been set out in quotations, and we found in the record that no objection was made to the intro-

duction of such testimony. The appellant, therefore, is not in a position to claim error with respect thereto.

It is also assigned as error that the court overruled certain objections to questions propounded to the claimant which involved conversations between the claimant and the deceased relating to certain moneys paid to the claimant which the claimant stated were gifts to her. Inasmuch as all of these amounts of money have been deducted by the remittitur filed, there is nothing for us to determine with respect thereto; for if there was error in permitting such testimony to be given, the error has been cured by a surrender of any rights acquired by the claimant resulting from such testimony.

The record discloses that on April 24, 1931, the case at bar came on for hearing on the defendant-administrator's motion for new trial, and the court entered a ruling thereon in which the court said that "the claimant herein by amendment herein filed has remitted from her claim the amounts claimed by the administrator to have been payments, evidenced by exhibits (specifically numbered), together with legal interest thereon from date of said exhibits respectively, as shown in said amendment, aggregating in all, with interest to date of verdict, the sum of $1,594.69, in addition to $250 conceded as a credit in her claim herein when filed; it is ordered that the claim be and the same is hereby allowed in the sum of $5,431.26."

It is further urged that the verdict is the result of passion and prejudice of the jury created by the inflammatory argument of counsel for the claimant in the opening argument. There is nothing in the record which discloses any inflammatory argument, and the statements in the motion for new trial with regard thereto are not supported by any record evidence, and we are not in a position to consider the same.

We have carefully read the record, and have answered every error argued, and find no prejudicial error therein. The judgment of the trial court is therefore—Affirmed.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur