Myrtle Groshens, Appellee, v. Stuart Lund et al., Appellants.

No. 43340.

July 31, 1936.

Burnstedt & Hemingway, for appellee.

Frank J. Lund, C. D. Moody, and Putnam, Putnam, Fillmore & Putnam, for appellants.

Donegan, J.—On July 4, 1934, Charles Groshens was the owner of a Model T Ford sedan in which he, his wife Myrtle Groshens, the plaintiff in this case, his brother Alfred Groshens, and a 14 year old girl named Ruth Thompson, had gone from their home in the country to Webster City to attend a celebra-

tion. At all times here involved the car was operated by Alfred Groshens, the brother of the owner, Charles Groshens. Second street is the principal business street in Webster City and runs east and west. It is intersected in the business district by Des Moines street, which runs north and south. A stop and go traffic sign is located in the center of this intersection. Approximately 135 feet north of the curb line on the north side of Second street an alley crosses Des Moines street running east and west. In the evening of the day in question the Groshens car had been parked on the west side of Des Moines street alongside the curb, with the rear end thereof about even or a little south of the south line of this alley as it runs westward from Des Moines street. About eleven o'clock on that evening the Groshens party entered their car and Alfred Groshens backed the car northward and westward into the alley until it was headed east, and then he proceeded eastward into Des Moines street, intending to cross the street and drive through the alley on the east side of Des Moines street. Des Moines street is paved with brick and the distance from curb to curb is approximately 41 feet 10 inches. As the Groshens car proceeded eastward across Des Moines street, it had reached a point in the east half of the street where its front wheels were almost even with the curb line of the east curb, when a Model A Ford, owned by the defendant, F. J. Lund, and driven by his son, Stuart Lund, which was going northward on the east side of Des Moines street, struck the right rear end of the Groshens car and threw or pushed it around to a position where it was facing south, its two left wheels were over the curb, and its front end was a few feet north of the north line of the alley toward which it had been proceeding. As a result of the accident Mrs. Myrtle Groshens sustained injuries for which she sues in this action. The case was tried to a jury which returned a verdict in favor of the plaintiff, and, from the judgment entered on such verdict and rulings of the court, the defendants appeal.

■■■ I. In stating the issues the court, in its instruction No. 1, told the jury that it was claimed by the plaintiff:

"That as a result of said Stuart Lund's negligence, the plaintiff suffered a severe injury to her back and nervous system, that her spine was injured and one rib was broken, and that the injury to her spine is a permanent injury."

In its instruction No. 25 the court told the jury that:

"In determining such amount, if you find for the plaintiff, you will take into consideration the proof showing the character and extent of the injuries of which the plaintiff complains, the pain and suffering, both mental and physical, if any, suffered by the plaintiff, the evidence bearing upon the matter as to whether she has recovered from her said injury, and whether she will continue to suffer therefrom in the future, and if you find that she has not recovered from said injuries, and that she is reasonably certain to continue in the future to suffer therefrom, then you should take into consideration and allow her such a sum as will fairly compensate her for future pain and suffering, if any, in so far, and in so far only, as you find from the evidence such damages are reasonably certain to result from her said injuries if at all."

It is contended by the appellants that in the instructions thus given the court submitted to the jury the question of permanent injury to plaintiff's spine, and a severe injury to her back and nervous system, and that there was no competent evidence in the record to warrant the submission of these elements of damage. The portion of instruction No. 1 of which complaint is made was set out by the court in its statement of the claims made by the plaintiff in her petition. In its second instruction the court set out a statement of the defenses plead by the defendants. In its instruction No. 4 the court plainly told the jury that the preceding instructions were set out for the purpose of advising the jury as to the nature of the claims made by the plaintiff and the defenses offered by the defendants, and that these matters should not be considered as evidence. The petition alleged a permanent injury to plaintiff's spine, but the evidence as to permanency of this injury was too indefinite to warrant its submission to the jury. Instruction No. 24 told the jury the elements of damage upon which the plaintiff could recover, but did not submit to it the element of permanent injury to the spine. The evidence showed an injury to the spine, an injury to the back, and an injury to the nervous system; that plaintiff had not recovered from these injuries; and that she would continue to suffer from such injuries for some time in the future. We find nothing in these instructions which would constitute reversible error.

▮■▮ II. In its instruction No. 9 the court, after telling the jury the duty of a driver of a car with regard to speed, and that the speed should not be greater than will permit the driver to bring his car to a stop within the assured clear distance ahead, proceeded to define the meaning of the words "assured clear distance ahead", and in doing so said:

" 'Assured clear distance ahead' means that the operator of the automobile when driving at night as well as in the day, shall at all times be able to stop his car within the distance that discernible objects may be seen ahead of it. *It means the distance ahead within which the driver of an automobile is sure and certain that the highway is not occupied by other vehicles or persons."* (Italics are ours.)

Complaint is made of the latter portion of the instruction, which we have italicized, because, it is claimed, it incorrectly defined "assured clear distance ahead" and imposed upon defendants an imperative duty to be able to stop in every conceivable circumstance before colliding with objects upon the highway, and an absolute duty to be sure and certain that the highway was not occupied by other vehicles or persons. We are unable to escape the conclusion that the appellants' complaint is well-founded. In the case of Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 508, 87 A. L. R. 893, this court in a very exhaustive opinion by Mr. Chief Justice Kindig, reviewed the cases from other jurisdictions involving the construction of statutory provisions similar to our own, in reference to "assured clear distance ahead." At page 178 of the opinion in that case this court laid down a definition of "assured clear distance ahead" which is substantially contained in the first sentence of the instruction given by the court in the instant case. Neither in the definition given in that case, nor in any opinion of this court to which our attention has been called, nor in the decisions of other jurisdictions, so far as we are aware, has it ever been held that the driver of an automobile, in order to comply with the rule laid down with reference to assured clear distance ahead, must be "sure and certain that the highway is not occupied by other vehicles or persons." In Jeck v. McDougall Construction Company, 216 Iowa 516, 246 N. W. 595, referred to and distinguished in the opinion in the Lindquist case, the driver of an automobile was not required to be sure and certain that

the highway in front of him was not occupied by a portion of a cement mixer which extended out over it, and, in Schwind v. Gibson, 220 Iowa 377, 260 N. W. 853, the driver of an automobile was not required to be sure and certain that the portion of the street in front of him was not occupied by a truck. That there are exceptions to the rule, see Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552. In the instant case, by adding the portion of the instruction which we have italicized and of which the appellants complain, we think the trial court imposed upon the driver of defendants' automobile a higher degree of care than was contemplated by the statute. Had the trial court been content to accept the definition of assured clear distance ahead which this court has laid down, without attempting to further explain or improve upon this definition, the instruction would not have been vulnerable to the complaint here made. In going beyond the definition laid down by this court, however, we think that the trial court was guilty of error, and that it cannot be said that such error was not prejudicial.

III.  In its instruction No. 9 the court told the jury:

"You are instructed that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater nor less than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, *and of any other conditions then existing,* * * *. You are instructed that what is meant by 'a careful and prudent speed' is such speed as a reasonably careful and prudent person would drive a car under like and similar circumstances, having due regard as to whether or not he was driving in a business district, the surface and width of the highway, the amount of traffic upon said highway, the time of day, the visibility or lack of visibility because of mist and rain, as to whether the street was slippery or not because of rain, *or other conditions existing at the time, and any and all conditions then and there existing.*" (Italics are ours.)

The appellants complain of the italicized portion of this instruction, on the ground that the reference to "other conditions then existing" is not limited to such other conditions as were plead and shown by the evidence. Only three grounds of negligence were plead, all having reference to the speed of defendants' car; and only two of these grounds were submitted to

the jury by the court: (1) that Stuart Lund was negligent in operating his automobile at the time and place in question at the speed that he was operating the same; and (2) that Stuart Lund was negligent in not having his car under such control that he could stop it within the assured clear distance ahead. It is apparent that neither of these allegations of negligence described the conditions which were existing and under which the acts of Stuart Lund are alleged to have been negligent. It is elementary, of course, that the jury could not base its verdict upon the allegations of the petition, but that such verdict could only be based upon matters shown by the evidence. While from all the instructions it may be said that the jury would have understood that its verdict must be based upon the evidence, and, while we might not be inclined to reverse the case on the alleged error which we are considering, if it stood alone, still, we think that the instruction is subject to grave criticism and that, in a retrial of the case, it should be made plain to the jury that "the other conditions" referred to in the instruction must be such as are shown by the evidence.

For the reasons given, the verdict and judgment of the trial court must be, and are hereby, reversed.—Reversed.

PARSONS, C. J., and all Justices concur, except ANDERSON, J., who took no part.