Ray Hauser, Appellee, v. John P. Boever, Appellant.

No. 43966.

April 5, 1938.

Geo. W. Sturges and Fred H. Free, for appellant.

Roseberry & Pitts, for appellee.

Donegan, J.—The questions presented by this appeal grow out of an assault and battery which the plaintiff claims the defendant committed upon him. Briefly, the undisputed facts are that the defendant was the owner of a farm which the plaintiff occupied as a tenant; that in August 1935, while the plaintiff was threshing his grain, the defendant came upon the farm in his truck; and that while the defendant was seated in the truck the plaintiff approached the truck, stood near the door thereof, and began to talk to defendant. There is a conflict in the evidence as to what was said by each of the parties and what transpired thereafter. The plaintiff claims that, while he was standing about three feet from the door of the truck in which the defendant was seated, the defendant opened the door, kicked the plaintiff in the face, and then jumped out of the truck and struck plaintiff with his fists. The defendant's version is that he was assaulted by the plaintiff, that he at no time kicked plaintiff, that he defended himself with his hands, and that any injuries suffered by the plaintiff as the result of the altercation were inflicted by the defendant in self-defense.

I. The first error alleged as ground for reversal is directed to an instruction given by the court in which the court told the jury that, before the plaintiff could recover, he must establish by a preponderance of the evidence:

"(1) That on or about the 12th day of August, 1935, said defendant committed an assault and battery upon the person of said plaintiff,

"(2) That said plaintiff suffered some injury thereby."

The instruction in which these statements appear followed the portion of the court's charge in which the court outlined the issues presented by the pleadings and evidence, told the jury that the burden of proof was on plaintiff to establish his right to recover by a preponderance of the evidence, defined the meaning of "preponderance of evidence", and defined "assault and battery". It was followed by other instructions which explained the plea of self-defense set up by the defendant, and the law covering this defense. The complaint made against this instruction is, that it left out of consideration the entire defense plead and proved by the defendant, and practically advised the jury that any proof of self-defense or justification need not be considered; that it failed to advise the jury that the defendant had a right in self-defense to ward off the impending attack and to strike and wound his assailant; that it failed to advise the jury that, if the plaintiff was the aggressor, there could be no liability on the part of the defendant; and that it advised the jury that, if they believed the defendant struck and thereby inflicted injury on plaintiff, the plaintiff could recover, regardless of any proven facts in the case.

We think the instructions, when considered as a whole, clearly told the jury what the plaintiff must prove, in any event, before he would be entitled to recover; and that, in further instructions, the jury were clearly told and would reasonably understand that the plaintiff would not be entitled to recover under the instruction complained of, if they found from the evidence that the assault and battery which the plaintiff claimed the defendant committed upon him was committed by the defendant in defense of his own person. In two separate instructions, which followed the instruction complained of, the court fully explained to the jury the rights of the defendant under his plea of self-defense, and told them that, if they found from the evidence that the defendant used no more force or violence than at that time honestly appeared to him, as a reasonably prudent man, to be reasonably necessary to repel the attack of the plaintiff, the plaintiff could not recover and their verdict must be for the defendant. No complaint is made in regard to the correctness or sufficiency of these instructions as to self-defense, and we find no merit in the appellant's contention.

II. Appellant further complains that, in one paragraph of instruction 11 the jury were told that, if they found for the

plaintiff, they might allow him not to exceed the sum of $1,000 as actual damages for pain, suffering, and mental anguish, and that, in another paragraph of this instruction, the jury were told that they might allow the plaintiff not to exceed $500 actual damages for humiliation and mortification. The complaint against this instruction is, that, in permitting the jury to allow $1,000 actual damages for pain, suffering, and mental anguish, and, in also permitting them to allow $500 actual damages for humiliation and mortification, the jury were allowed to find double damages so far as the element of *mental anguish,* referred to in the first paragraph of the instruction, and the elements of *humiliation* and *mortification,* referred to in the second paragraph of the instruction, are concerned, because humiliation and mortification are included in mental anguish. Appellant contends that, in the case of Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735, it was clearly held that humiliation and mortification are simply phases of mental anguish, and that, in Hall v. Manson, 90 Iowa 585, 58 N. W. 881, and other cases cited by him, this court has followed the same reasoning as is contained in the Kentucky case, in holding that mental pain and suffering include fright and other feelings and emotions, as distinguished from physical pain and suffering.

The trial court apparently recognized the inconsistency in the instruction and, as a condition to overruling appellant's motion for a new trial, required the appellee to remit $500 of the amount of the verdict which the jury had allowed. The theory of the trial court was that, in thus requiring the plaintiff to remit the full amount that could have been allowed him for humiliation and mortification, under the instruction given, any possible prejudice that could have resulted to defendant from the error in giving the instruction was removed. We think the trial court was correct. In his petition the plaintiff itemized his damages, claiming $1,000 for ''pain and suffering and mental anguish''; $500 for ''humiliation and mortification''; $125 for ''dental and medical attention''; $40 for ''loss of time''; and $1,000 as exemplary damages. The full amount of the verdict returned by the jury was $1,680, and, in answer to a special interrogatory, the jury stated that $600 of this amount was for exemplary damages. The plaintiff remitted $500, which left the verdict standing for $1,180, and the motion for a new trial was overruled. As reduced by the remittitur the verdict that

remained was for $1,180. Of this amount, the jury's answer to a special interrogatory shows that $600 was allowed for exemplary damages, for which the plaintiff had asked $1,000. There remained only $580 of the amount of the verdict that could have been allowed on the specific amounts claimed by plaintiff for pain and suffering and mental anguish, for dental and medical attention, and for loss of time. The trial court told the jury that as to these specified items of damages they could not allow more than $1,000 for pain, suffering and mental anguish, $3 for dental and medical attention, and $40 for loss of time, or a total on these three items of $1,043. As only $580 of the amount of the verdict could have been allowed on these three items; as the jury was not required to itemize its verdict; as there is nothing to show that the jury violated the court's instructions as to the amount it could allow on the items of dental and medical attention and loss of time; and as the total amount remaining to be applied on all three of these items was only a little more than one-half the amount that could have been allowed on them, under the court's instruction; we are unable to see how the court's error in submitting the plaintiff's claim of $500 for humiliation and mortification can now result in any prejudice to the defendant. Garmon v. Cronk, 196 Iowa 771, 195 N. W. 194; Starry v. Hanold, 202 Iowa 1180, 211 N. W. 696.

III. Appellant complains that the verdict is excessive and unsupported by evidence and was the result of passion and prejudice. We have read the entire record and, while the evidence is such that the jury could have found for the defendant, had they seen fit to do so, there is unquestionably an abundance of evidence to support the verdict reached, and there is nothing in the amount of the verdict which would justify us in interfering with it on the ground that it is excessive and that it is the result of passion and prejudice.

What has already been said is, we think, sufficient to meet the objections contained in appellant's fourth alleged error relied upon for reversal. We find no reason for disturbing the judgment of the trial court, and it is, therefore, affirmed.— Affirmed.

STIGER, C. J., and all Justices concur.