A. D. CRAFT, Appellant, v. WILLIAM H. MYERS, Appellee.

No. 46259.

JUNE 15, 1943.

Herrick, Sloan & Langdon, of Des Moines, and E. K. Jones, of Osceola, for appellant.

Putnam, Putnam, Fillmore & Putnam, of Des Moines, and H. G. Stubblefield, of Osceola, for appellee.

WENNERSTRUM, J.—The plaintiff, in an action at law, sought to recover damages from the defendant for personal injuries and property damage sustained as the result of a head-on collision between an automobile owned and driven by the plaintiff and an automobile driven by the defendant but not owned by him. The defendant filed a counterclaim for personal injuries received in the collision and therein sought recovery

for a hospital bill in the amount of $126, a doctor bill in the amount of $300, and the further sum of $4,000 for pain and suffering. Upon the trial of the case the jury returned a verdict in favor of the defendant on his counterclaim in the amount of $3,626. Plaintiff's motion for a new trial and his exceptions to instructions were overruled on condition of the filing of a remittitur by defendant in the amount of $1,600. The remittitur was filed by the defendant and judgment was thereafter entered against the plaintiff. He has appealed.

The facts in relation to the collision are not material to the decision in this case and consequently the details concerning the accident are not set forth.

▇ I. The plaintiff contends, as one of his grounds for reversal, that the court was in error in overruling the motion for a new trial based upon claimed misconduct and irregularities on the part of the jury. Plaintiff asserts that the jury gave consideration to certain items of damage that were not referred to in the pleadings, evidence, or instructions. The affidavits of the jurors disclose that the jury discussed the fact that the defendant was entitled to $1,000 for damage to the automobile driven by him and $600 for the loss of his time and earnings. The defendant made no claim in his counterclaim and testimony that he owned the automobile driven by him. In plaintiff's motion for a new trial it was contended that, inasmuch as there was no evidence whatever introduced to establish defendant's ownership in the automobile which he was driving at the time of the accident, or to show that he was entitled to recover therefor, and further, because there was no evidence introduced in this case to show the time lost by the defendant or the value of it, these matters were improperly considered by the jury. The court in its instructions limited the defendant's recovery to his hospital bill, medical services, and pain and suffering.

The court recognized in its ruling on the motion for a new trial that the jury had given consideration to matters concerning which no evidence was introduced or commented upon in the instructions, and stated:

"It believes that the discussion of damages to defendant's automobile and damages for defendant's loss of time, so far as

is disclosed by the evidence, are matters which would have a natural tendency to affect the amount of the verdict, and that it did affect the amount of the verdict returned by the Jury in favor of the defendant.

"It also believes that the amount of the verdict is, under the evidence, excessive, and that it is not supported by the evidence. However, it has occurred to the Court that perhaps the defendant might be willing to remit a part of the judgment and that further litigation in this matter might thereby be averted, and in order to make it possible to terminate this litigation without further hearing, the Court will give the defendant six days from the date of the filing of this ruling, in which to remit of the amount of the verdict returned in his favor, the sum of sixteen hundred dollars."

It is the contention of the plaintiff that the ruling relative to the remittitur did not correct the error in connection with the jury's deliberation and that by reason of the facts disclosed a new trial should have been granted. We do not believe that the contention of the plaintiff is supported by the authorities. It should be kept in mind that the affidavits of the jurors, presented with the motion for a new trial and resistance thereto, disclosed that the amount discussed in connection with the damage to the automobile was $1,000 and for defendant's loss of time was $600. All the' affidavits were definite in their statement as to this fact. However, the affidavits stated that, although the matter of the damage to the automobile and the loss of defendant's time was discussed, the verdict of the respective jurors was based alone upon the items of damage submitted by the court.

In 39 Am. Jur., New Trial, 207, 208, section 215, this authority, in commenting upon the right of a court to overrule a motion for a new trial upon condition of a remittitur of a definite and determinable amount, states:

"Where only a part of a verdict is against the evidence, the practice of ordering a new trial of the entire case unless that part which is found to have been erroneously included in the verdict shall be remitted or surrendered has been held to be correct and proper and beneficial to both parties.

"Where the excess is a certain and definite sum which can be ascertained by the court without assuming the functions of a jury, there is no question as to the power to order a remittitur, the question herein considered cannot arise, and the remedy by way of remittitur may be given effect."

In the case of Horn v. Perry, 186 Okla. 541, 542, 99 P. 2d 143, 145, the Oklahoma court, in commenting upon a situation somewhat similar to the matters here in issue, stated as follows:

"The question is, in the case at bar, whether when a jury clearly errs in arriving at the value of the property in a replevin action, can the court change the value to meet the cause of justice? We think it can. It is in effect ordering a remittitur. The right of the trial court in its discretion to order a remittitur or grant a new trial has been generally recognized.

"In 20 R. C. L. (New Trial) section 99, it is stated:

" 'In some jurisdictions, however, it has become the judicial custom in cases of a fatally excessive verdict, where the right to recover is clear, whether the error is attributable to perversity or not, and whether the defendant does or does not consent, to permit the plaintiff to terminate the controversy without the expense of a new trial by consenting to take judgment for an amount sufficiently under that named by the jury to cure such error in the judgment of the court; and also to permit the defendant in such a situation to terminate the litigation, whether the plaintiff is willing or not, by consenting to judgment for a sum sufficiently less than the verdict, in the judgment of the court, to cure the error.'

"In Section 100 it is said:

" 'Where the excess is a certain and definite sum which can be ascertained by the court without assuming the functions of a jury, there is no question as to the power to order a remittitur. * * *'

"In most jurisdictions the rule is expressed that where there is an excessive verdict due solely to error of judgment rather than to prejudice or passion, such verdict is held curable by remittitur." (Citing cases.)

There are many Iowa cases that warrant approval of the

action taken by the trial court. In the case of In re Estate of Willmott, 215 Iowa 546, 548, 243 N. W. 634, 635, in connection with a claimed erroneous instruction as to credits and interest, we said:

"Appellant claims that the court failed to properly instruct the jury with respect to the computation of credits, interest, et cetera. The record discloses that a remittitur of all moneys about which there could have been any dispute on the question of gift or payment on account was filed by claimant and the verdict and judgment entered thereon reduced accordingly. Such being the case, the appellant's complaint with respect thereto is not tenable. The filing of the remittitur by claimant cured such error, if any. Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 1. c. 550; Kelly v. Muscatine, B. & S. R. Co., 195 Iowa 17."

In the case of Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 550, 187 N. W. 591, 598, this court authorized and directed a remittitur, in lieu of a new trial, in passing on a claimed error on the part of the trial court. We there said:

"It does not necessarily follow that there should be a reversal and retrial of the case because of our conclusion in this regard, but we are disposed to give to the appellant the benefit that is claimed for this error. This can be accomplished by a reduction of the verdict in the amount of the award made under the Workmen's Compensation Act, as proven in this record. This amount was $3,441.11. If the appellee shall, within thirty days from the filing of this opinion, file a remittitur of said amount, the judgment will be affirmed; otherwise, a new trial will be granted."

See, also, Ward v. Marks, 193 Iowa 171, 175, 185 N. W. 37; Lee v. Farmers Mutual Hail Ins. Assn., 214 Iowa 932, 936, 241 N. W. 403; Newbury v. Getchell & Martin Lbr. & Mfg. Co., 100 Iowa 441, 456, 458, 69 N. W. 743, 62 Am. St. Rep. 582; Starry v. Hanold, 202 Iowa 1180, 1186, 211 N. W. 696.

In the case of Chesapeake & Ohio Ry. Co. v. Meyers, 150 Ky. 841, 845, 151 S. W. 19, 21, it is stated, in connection with

the consideration of a situation similar to the one here presented, as follows:

"It is insisted that under the practice of this State, trial courts have no power to remit any portion of a judgment, but that if the judgment is excessive they must award the defendant a new trial. While this is the general rule, Brown v. Morris, 3 Bush, 81; L. & N. R. R. Co. v. Earl's Admx., 94 Ky., 370; yet where the items constituting the damages recovered are separable so that the court may eliminate those not properly recoverable from those recoverable, the court has power to require the plaintiff to remit, or may, on plaintiff's motion, remit, so much of the damages as represents the items which are not properly recoverable. John's Admr. v. Johnson, 104 Ky., 714; Masterson v. Hagan, 17 B. Mon. 325."

Other applicable citations are, McElhone v. Wilkinson, 121 Iowa 429, 96 N. W. 868; Staley v. Forrest, 157 Iowa 188, 138 N. W. 441.

We have given consideration to the authorities cited by plaintiff relative to the claimed error commented on in this division but do not consider them applicable to the facts disclosed by the record. We have not discussed the proposition that the claimed. error inhered in the verdict. ·However, see, Clark v. Van Vleck, 135 Iowa 194, 199, 112 N. W. 648; Porter v. Whitlock, 142 Iowa 66, 71, 72, 120 N. W. 649.

■ II. It is the claim of the plaintiff that the court committed error in the giving of one of its instructions wherein it commented on an operation for appendicitis performed on defendant. This operation was performed during the time defendant was in the hospital following the collision. It is the contention of the plaintiff that it was error to submit to the jury the issue as to the cause and occasion for the operation for appendicitis because this issue was without support in the evidence, and further, because there was no evidence that showed any connection between the necessity for the operation and the automobile collision.

The testimony of the defendant's attending physician relative to the necessity for an operation, and the conditions preceding it, is, in part, as follows:

528

"I * * * know William H. Myers and saw him at the hospital June 17, 1941, and examined him. * * * While Mr. Myers was in the hospital an operation was necessary. He developed a severe pain in the lower right side of the abdomen and had rigidity and pain over the region of the appendix. This pain started June 24th at 6:30 P. M. He was taken to the operating room at 11:30 P. M. We usually judge the severity of an appendicitis attack by the number of white cells in the blood and he didn't have as high a count as appendicitis usually has. We had made a blood count the day before and the count had doubled since the day before and while it wasn't high it was relatively very high and gave me the impression he had a good deal of inflammation and probably danger of an abscess. I removed the appendix. I made an exploratory incision because I wanted to explore his abdomen due to the fact that he had had a previous trauma and injury. I found the appendix injected and congested with blood, as was the cecum, and adjoining intestines were somewhat inflamed. The appendix was inflamed and I opened it and it was filled with serum, blood and pus. There was some solidified fecal material in it like there is in the bowel and it was rather soft and seemed to me to be recently formed. * * * I have an opinion. I wouldn't say my opinion was absolutely conclusive, but due to the fact that the injury occurred on the 17th and abdominal pain developed on the 24th, I was led to make such an incision as would permit me to explore his abdominal cavity because I suspected at that time some of this trouble might have been due to the injury. Then when I found a cecum that was injected and inflamed in addition to the appendix, which was injected and inflamed, and also adjoining intestines inflamed, and then found an appendix containing fecal matter, which was soft and recently formed, the thought occurred to me, whether it be regarded as an opinion or not, that a man who had been in an injury and had had and been subjected to great abdominal pressure whereby the intestinal contents could have been forced into that blind pouch which we call the appendix, that it theoretically might have been connected with the accident, but it is only theory."

We have, in the case of Grismore v. Consolidated Products Co., 232 Iowa 328, 5 N. W. 2d 646, 655, commented upon the admissibility of opinion evidence and the consideration that should be given to it. In this opinion Justice Bliss thoroughly sets forth the position of this court on this question. We believe that the testimony of the attending physician justified the submission of the instruction given and that there was sufficient testimony to warrant it. See, also, Cody v. Toller Drug Co., 232 Iowa 475, 5 N. W. 2d 824, 827.

III. A further claimed error on the part of the trial court, as claimed by the plaintiff, is that it improperly instructed the jury, in Instruction No. 18, in connection with defendant's counterclaim, in that it failed to include the necessary element of freedom from contributory negligence on the part of the defendant. A review of the instructions as a whole shows that the court commented several times upon the necessity of showing defendant's freedom from contributory negligence before he could recover upon his counterclaim. The court also in one of its instructions stated that it "has not attempted to give you all the law applicable to this case in any single instruction, but that said instruction should be read and construed as a whole."

It is our conclusion that the plaintiff's claimed error cannot be sustained. In the case of Tallmon v. Larson, 226 Iowa 564, 567, 284 N. W. 367, 368, this court said, in connection with a complaint similar to that made in the instant case:

"The jury was repeatedly informed that there could be no recovery unless plaintiff had shown herself free from contributory negligence, and we can hardly conceive of their rendering a verdict without taking into consideration the rules given in practically all of the instructions."

IV. A further complaint made by plaintiff is directed to Instructions Nos. 1, 21, and 23, wherein, in reference to the speed of the plaintiff's automobile, it is stated that the driver of an automobile "shall drive the same at a careful and prudent speed * * * having due regard to the traffic, surface and width of the highway, *and of any other conditions then existing.*" (Italics supplied.) It is claimed that the court permitted the

jury to consider *other conditions* not shown in the evidence and did not limit the jury to the evidence.

A reference to section 5023.01, Code, 1939, discloses the fact to be that the phrase commented upon is therein incorporated in connection with the statute as to speed restrictions. That fact, in itself, would not justify the failure of the court to properly instruct the jury. However, it is shown that the court in various instructions advised the jury that their verdict must be reached after a consideration of the evidence presented. We cannot conceive that the jury was misled by the statements made. Plaintiff cites, as authority for his contention, the case of Groshens v. Lund, 222 Iowa 49, 53, 54, 268 N. W. 496, 499. This court did not reverse that case because of the use of the statement, ''or other conditions existing at the time, and any and all conditions then and there existing.'' It was there stated:

''While from all the instructions it may be said that the jury would have understood that its verdict must be based upon the evidence, and, while we might not be inclined to reverse the case on the alleged error which we are considering, if it stood alone, still, we think that the instruction is subject to grave criticism and that, in a retrial of the case, it should be made plain to the jury that 'the other conditions' referred to in the instruction must be such as are shown by the evidence.''

We are convinced that the instructions, taken as a whole, sufficiently advised the jury that their verdict must be dependent upon the consideration of the evidence presented.

Upon a review of the entire record, it is our conclusion that there was no error committed on the part of the trial court and that it should be affirmed.—Affirmed.

GARFIELD, C. J., and BLISS, HALE, OLIVER, and MANTZ, JJ., concur.