HERMAN STEINBUCHEL V. IDA A. WRIGHT.

SLANDER—*Excessive Damages—New Trial.* In an action for slander the jury returned a verdict for the plaintiff for $4,000. The trial court decided that all the damages above $500 were excessive; but as the plaintiff remitted $3,500, the court entered judgment for the balance. *Held,* That the damages were so excessive as to show that the verdict was given under the influence of passion or prejudice, and therefore that the amount thereof should be submitted to the judgment of another jury.

*Error from Sedgwick District Court.*

ON the 1st day of September, 1886, *Ida A. Wright* brought her action against *Herman Steinbuchel*, to recover $10,000 for slander. On the 18th day of November, 1886, with permission of the court, she filed the following amended petition, omitting caption:

"Said Ida A. Wright now comes by leave of court, and for amended petition herein says: That she is and at the time of the grievances hereinafter mentioned was a married woman, and the wife of said plaintiff, John H. Wright; that said Herman Steinbuchel, well knowing the premises, on or about the 1st day of June, 1886, in a certain discourse in the presence and hearing of divers persons, maliciously spoke and published of and concerning said Ida A. Wright the false and malicious words following, to wit: 'She [meaning said Ida A. Wright] is a common strumpet. He [meaning said Ida A. Wright's said husband] has picked her [meaning said Ida A. Wright] up to ride around with him [meaning said John H. Wright] for his [meaning said John H. Wright's] own use. They [meaning said Ida A. Wright and her said husband] are not married.' By means whereof Ida A. Wright has been damaged in her reputation in the sum of $10,000. Wherefore, said Ida A. Wright prays for judgment against said defendant for said sum of $10,000."

Subsequently, the defendant filed the following answer:

"And now comes defendant, Herman Steinbuchel, and denies each and every allegation contained in plaintiff's amended petition; and for a further defense the said defendant, Herman Steinbuchel, says that he did say at the time set forth in plaintiff's petition that he (the said defendant) believed that John H. Wright, husband of Ida A. Wright, plaintiff herein, was not a married man, and the woman who accompanied him, the said John H. Wright, at the said time, was not the plaintiff, Ida A. Wright, but another woman; that on or about the 1st day of July, 1886, the said defendant, Herman Steinbuchel, became acquainted through the said John H. Wright, husband of the plaintiff, Ida A. Wright, that he, the said John H. Wright, was a married man, and that the woman who accompanied him, the said John H. Wright, was the plaintiff, Ida A. Wright, and wife of the said John H. Wright; where-

upon the said defendant, Herman Steinbuchel, apologized to the said John H. Wright, husband of the plaintiff, Ida A. Wright, for anything and everything said by the said defendant, Herman Steinbuchel, at the time aforesaid, against the said John H. Wright and his wife, Ida A. Wright, the plaintiff herein."

Trial had on the 4th of March, 1887. The jury returned a verdict for the plaintiff, and assessed her damages at $4,000. The defendant filed his motion for a new trial, alleging among other things excessive damages, appearing to have been given under the influence of passion or prejudice. During the progress of the argument upon the motion for a new trial, the court announced that it regarded the verdict as excessive; that it ought not to stand; that it would not allow a verdict for more than $500; but if plaintiff's counsel were disposed to enter a *remittitur* of the excess over $500, it would permit the verdict to stand for that amount. The counsel for plaintiff announced to the court that they would enter on behalf of plaintiff a *remittitur* from the verdict of all of the excess over $500; thereupon the court announced that it would overrule the motion for a new trial. Judgment was entered for $500 and costs. The defendant excepted, and brings the case here.

*Sluss & Stanley*, for plaintiff in error.

*Martin & Eckstein*, and *D. M. Dale*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below for slander. The jury returned a verdict for the plaintiff for $4,000.

It was alleged in the motion for a new trial, among other things, that the damages allowed were given under the influence of passion or prejudice. In overruling the motion for a new trial the court found that the assessment of the jury beyond the sum of $500 was excessive. Seven-eighths of the verdict was voluntarily remitted by the plaintiff rather than to have a new trial. In view of the action of the trial court,

and the testimony in the case, we are compelled to say that the damages were so excessive as to show the verdict was given under the influence of passion or prejudice.   If seven-eighths of the verdict was rendered under the influence of passion or prejudice, the other one-eighth must also have been rendered under like influence.   In such a case the amount of damages should be submitted to the judgment of another jury. (*U. P. Rly. Co. v. Hand,* 7 Kas. 380; *A. T. & S. F. Rld. Co. v. Cone,* 37 id. 567; *Cassin v. Delaney,* 38 N. Y. 178.)

We do not desire to intimate that a verdict of $500, or even a larger sum, would be excessive in a case of this kind, if a jury free from passion or prejudice should render such a verdict; but a verdict that is seven-eighths excessive ought not to be the basis of a judgment.   In such a case a new trial should be allowed.

The judgment of the trial court will be reversed, and the cause remanded.

All the Justices concurring.