## MORGAN v. DUKE.

No. 22738. Opinion Filed Oct. 18, 1932.

Rehearing Denied Nov. 29, 1932.

Chas. L. Harris, for plaintiff in error.

E. D. Brewer, for defendant in error.

HEFNER, J. This is an action brought in the justice of the peace court of the city of Tulsa by Walter G. Duke against Roy L. Morgan to recover the sum of $185 and interest on account of work and labor done and performed by plaintiff at the instance and request of defendant. Plaintiff prevailed in the justice court and defendant appealed to the court of common pleas, where judgment was likewise rendered against him. To review the judgment of the

court of common pleas, defendant has appealed and contends that the justice court was without jurisdiction to hear and determine the cause, and that the court of common pleas could therefore not acquire jurisdiction on appeal.

The record shows that plaintiff originally obtained judgment in the justice court against defendant for $200, together with interest at the rate of six per cent. from September 1, 1928, to date of trial. On July 19, 1929, on motion of plaintiff, the judgment was vacated by the justice of the peace and plaintiff was permitted to amend his bill of particulars claiming only the sum of $185 and costs. After the bill of particulars was amended, defendant made his voluntary appearance in the justice court and the case was tried on the amended bill of particulars and judgment rendered in plaintiff's favor for the sum of $185, and costs.

It is defendant's contention that the justice court was without authority or jurisdiction to vacate its judgment of September 1, 1928, and therefore without authority to permit the bill of particulars to be amended, and the case retried. We think it unnecessary to pass upon the jurisdiction of the justice court to vacate the former judgment, for the reason that defendant voluntarily submitted to trial on the amended bill of particulars.

The justice court had no jurisdiction to render its former judgment; the same was a mere nullity and could be disregarded by all parties. Notwithstanding that judgment, plaintiff had the right to institute another action in the justice court to recover an amount within the jurisdiction of that court. Of course, in bringing the new action, it would have been necessary to serve summons upon defendant, but, after amendment of the bill of particulars, defendant appeared without process. The justice court had jurisdiction to try the case as it then stood; it had jurisdiction over the subject-matter, and the voluntary appearance of defendant gave it jurisdiction over his person; it had jurisdiction to render the judgment complained of, and the court of common pleas therefore had jurisdiction on appeal.

Defendant further urges that the justice of the peace trying the case was not in fact a justice of the peace; that he was appointed to fill a vacancy and that no vacancy existed at that time; that the judgment for this reason is void. Defendant filed a plea designated by him as a plea in abatement alleging these facts when the case was called for trial in the court of common pleas. He, however, offered no evidence to substantiate the allegations of his plea. No evidence having been introduced to establish the fact that no vacancy existed at the time the justice of the peace was appointed, we must assume that the appointment was in all respects legal and valid.

The record shows that the court of common pleas, in the first instance, rendered judgment against defendant in the sum of $200, with interest from date of judgment. On motion for new trial, the judgment was modified by the court and plaintiff allowed to recover the sum of $185 and costs. Defendant contends that the judgment, as originally rendered by the appellate court, was void for the reason that it was in excess of the amount claimed by plaintiff, and that it had no right, on motion for new trial, to modify the same. This contention cannot be sustained. When it was discovered that judgment was rendered for an amount greater than was claimed by plaintiff, the court had a right to require a remittitur as to the excess.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.