HORN et al. v. PERRY et al.

*99 P. 2d 143.*

No. 29168.   Feb. 13, 1940.

Sam S. Gill, of Oklahoma City, for plaintiffs in error.

Robert Burns, of Oklahoma City, for defendants in error.

PER CURIAM. W. F. Perry and L. M. McGee brought an action in replevin against Ben Horn seeking to recover possession of certain personal property described in a chattel mortgage dated May 18, 1937, given to secure a promissory note of the same date. The note represented an indebtedness of $494.99 payable in installments, which were overdue at the time the action was commenced. Only $30 had been paid thereon. Defendant Ben Horn admitted the execution of the note, but alleged that the chattel mortgage had been altered by adding thereto a second column which included property owned by Elsie Horn, his wife. Elsie Horn filed a plea in intervention alleging ownership of the personal property described in the second column of the chattel mortgage.

J. A. Kerns, the father of Elsie Horn, filed an interplea alleging that he was a holder of a chattel mortgage embracing part of the property.

The plaintiffs filed a reply putting in issue all of the matters. A trial to a jury resulted in a verdict for the plaintiffs against the defendant, Ben Horn. No issues were presented to the jury as to the claim of Elsie Horn and J. A. Kerns, and although they appear herein as plaintiffs in error, only one petition in error has been filed.

Judgment was entered on the verdict

for the possession of the personal property or $464.99, the amount remaining due at the commencement of the action.

When the motion for new trial was filed, it was therein alleged that the verdict was excessive for the reason that the evidence disclosed that the value as testified to by the plaintiff Perry was not $464.99, but defendant Ben Horn alleged this value to be $163. The court overruled the motion for new trial and at the time caused to be entered in the order overruling the motion for new trial a finding that the judgment should be changed, as to the value of the property, to $291.75, and that upon the judgment being changed in this respect the motion for new trial should be overruled. It is shown beyond dispute that this $291.75 is a mathematical calculation of the testimony of the plaintiff Perry when questioned as to the value of the personal property included in the mortgage.

Defendants present three specifications of error. It is first alleged that the court erred in admitting the note and mortgage in evidence. Cited as authorities are section 12368, O. S. 1931, 68 Okla. Stat. Ann. § 516, and Todd v. Webb, 134 Okla. 107, 272 P. 380, to the effect that a promissory note secured by a chattel mortgage cannot be the basis of a judgment in replevin where the proper objection is made that the tax provided by the said statute has not been paid and where the execution of the note has been denied under oath. However, we are of the opinion that the rule stated in McLaughlin v. Cheney, 172 Okla. 562, 46 P. 2d 352, wherein it is announced that where the tax on a promissory note has not been paid as provided by section 12368, O. S. 1931, 68 Okla. Stat. Ann. § 516, the admission of the note in evidence over timely objection is harmless error where other evidence, aside from the note, is sufficient to sustain the judgment, is applicable here. Defendant Ben Horn did not deny that he executed the note and chattel mortgage, but alleged that the second column of the chattel mortgage had been added without his consent. This issue was submitted to the jury and there is competent evidence to sustain the finding against him on this issue.

It is also urged that the court erred in changing the judgment as to the value of the property from the amount stated in the verdict and incorporated in the original journal entry of judgment, to wit, $464.99, to $291.75. As stated above, this occurred when the motion for new trial was overruled and one of the grounds for the motion for new trial was that there was no evidence which justified a finding of $464.99. In their motion for new trial defendants alleged the value to be $163. A clear mathematical calculation from the testimony of the plaintiff Perry item by item gives the sum arrived at by the court, to wit, $291.75. Defendants contend that the action of the court in taking the sum of $291.75 is arbitrary and amounts to taking the issue as to the value from the jury and cite in support thereof Choctaw, O. & G. R. Co. v. Deperade, 12 Okla. 367, 71 P. 629. The error in that case was binding the jury to the amount testified to by the plaintiff and in not leaving that issue to the jury. The question is, in the case at bar, whether when a jury clearly errs in arriving at the value of the property in a replevin action, can the court change the value to meet the cause of justice? We think it can. It is in effect ordering a remittitur. The right of the trial court in its discretion to order a remittitur or grant a new trial has been generally recognized.

In 20 R. C. L. (New Trial) section 99, it is stated:

"In some jurisdictions, however, it has become the judicial custom in cases of a fatally excessive verdict, where the right to recover is clear, whether the error is attributable to perversity or not, and whether the defendant does or does not consent, to permit the plaintiff to terminate the controversy without the expense of a new trial by consenting to take judgment for an amount sufficiently under that named by the jury to cure such error in the judgment of the court; and also to permit the defendant in such a situation to terminate the litigation, whether the plaintiff is willing or not, by consenting to judgment for a sum sufficient-

ly less than the verdict, in the judgment of the court, to cure the error."

In section 100 it is said:

"Where the excess is a certain and definite sum which can be ascertained by the court without assuming the functions of a jury, there is no question as to the power to order a remittitur. * * *"

In most jurisdictions the rule is expressed that where there is an excessive verdict due solely to error of judgment rather than to prejudice or passion, such verdict is held curable by remittitur. F. M. Davis Iron Works v. White, 31 Colo. 82, 71 P. 384; Loewenthall v. Streng, 90 Ill. 74; Steinbuchel v. Wright, 43 Kan. 307, 23 P. 560; Olson v. Northern P. Ry. Co., 49 Wash. 626, 18 L. R. A. (N. S.) 209, 96 P. 150; and notes following Campbell v. Sutliff (Wis.) 53 A. L. R. 771. See, also, note 95 A. L. R. 1163, and following. This court has held that a new trial will not be granted because of excessive damages if the excess can be determined and segregated from the verdict unless the plaintiff refuses to remit (Chicago, R. I. & P. Ry. Co. v. Wehrman, 25 Okla. 147, 105 P. 328); and that where the trial court is of the opinion that a verdict is excessive, it may impose upon the plaintiff the alternative of accepting judgment in a reduced amount or a new trial. Ft. Smith & Western R. Co. v. Hutchinson, 71 Okla. 139, 175 P. 922; remittiturs have been approved in Morgan v. Duke, 160 Okla. 283, 16 P. 2d 225; Anderson v. State ex rel. King, 171 Okla. 587, 43 P. 2d 474; Queen Insurance Company of America v. Baker, 174 Okla. 273, 50 P. 2d 371; Cosden Pipe Line Co. v. Seybold, 168 Okla. 36, 31 P. 2d 605.

Finally it is contended that the court erred in not properly submitting to the jury the claim of property made by Elsie Horn. No instruction on this point was requested and no exception was saved to the instruction given; but even if the instruction given with relation thereto had been excepted to, we are of the opinion that Elsie Horn is not in a position to raise the alleged error. As pointed out, the defendants appear herein in a joint petition in error. In Jones v. Webb, 180 Okla. 5, 67 P. 2d 800, the court said:

"A joint assignment of error must affect all jointly and not severally as to all who join in it or it will be good as to none."

This assignment of error is good only as to Elsie Horn and could not be presented in a joint petition in error.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.