PARKER et al. v. EVERETTS.

No. 32044. Jan. 29, 1946.

*165 P. 2d 630.*

Harry Seaton, of Tulsa, for plaintiffs in error.

E. M. Connor, of Tulsa, for defendant in error.

PER CURIAM. This is an action brought by R. H. Everetts against Sam Parker, Bessie Parker, and R. F. Henshaw to recover the sum of $61.25 for labor performed in the rebuilding and construction of a house under oral contract with defendant, Sam Parker, for the foreclosure of a laborer's lien and for attorney's fee. Defendants Bessie Parker and R. F. Henshaw were made parties defendant for the reason that they claimed some interest in the premises upon which plaintiff claimed a lien.

Defendant Sam Parker in his answer and cross-petition admitted that he employed plaintiff to construct the house as in his petition stated, but further alleged that the house was not constructed in accordance with the plans furnished plaintiff and that the work was done in such an unskillful and negligent and careless manner as to make the work practically valueless; that the house was constructed in such condition that it was necessary in order to construct the same according to the plans to tear down and rebuild a portion thereof; that he employed other carpenters to reconstruct the house in accordance with such plans and in order to remedy the defects caused through the carelessness and inefficient work of plaintiff and that he was put to an expense of $125 in so reconstructing the house, and prayed judgment against plaintiff for such sum.

Plaintiff testified, in substance, that he agreed to construct the house for defendant Parker, located on premises owned by defendant in Tulsa county, for the sum of $200; that he performed all the terms and conditions of the contract; that the house was constructed in accordance with plans furnished him by defendant; that defendant paid him various amounts on the contract at different times, and that upon completion of the work defendant owed him a balance on the contract in the sum of $61.25, which amount defendant refused to pay; that when the construction of the house was practically completed defendant made various objections to the manner in which the work was performed and complained that the house was not constructed according to the plans furnished him; that he thereupon agreed to remedy any defects that defendant might point out which were due to defective workmanship or to deviation from the plans furnished him; that defendant refused him permission to do so; that he thereupon prepared a lien statement and filed the same in the office of the court clerk of Tulsa county, Okla., in which he claimed the amount due for the construction of the house to be $61.25. The lien statement was offered in evidence.

He further testified that at the request of defendant he performed extra work not called for in the original contract and original plans; that he hired extra help to perform such work and that he paid them the sum of $125 for their services.

Defendant by his evidence admitted that he entered into the oral contract with plaintiff for the construction of the house and agreed to pay him $200 for the construction thereof; that he paid him in various payments $140 on the contract; that he refused to pay him the balance; that the construction of the house had been practically completed by the plaintiff but that it was constructed in an unskillful and careless manner and not according to the plans, and offered further testimony tending to support all the allegations of his answer and cross-petition.

At the conclusion of plaintiff's evidence the trial court, over the objection of defendant, permitted plaintiff to amend his petition to conform to the proof for the purpose of recovering the additional sum of $125 for the extra work performed by plaintiff, and also permitted the lien statement to be amended to increase the amount claimed to be due in that amount.

The jury returned a verdict in favor of plaintiff and against defendant Sam Parker for the sum of $150.

Defendant filed a motion for new trial on the ground, among other things, that the trial court erred in permitting plaintiff to amend his petition and lien statement during the progress of the trial. On hearing of the motion the trial court indicated that he would sustain the same unless plaintiff would agree to a remittitur in the sum of $88.75, thus reducing his amount of recovery to $61.25. Plaintiff in open court agreed to such remittitur. The trial court then overruled the motion for new trial, entered judgment in favor of plaintiff and against defendant Sam Parker in the sum of $61.25, impressed the premises with a lien in that amount, directed the

foreclosure thereof and entered judgment allowing plaintiff an attorney fee in the sum of $100.

Defendant Sam Parker has appealed and among other things asserts that the trial court erred in allowing plaintiff to amend his petition and lien statement by increasing the amount claimed. Defendant is correct in this contention insofar as it pertains to the amendment of the lien statement. The court was without authority to permit the lien statement to be amended during the progress of the trial by increasing the amount claimed. 42 O. S. 1941 § 172; King v. Long-Bell Lumber Co., 188 Okla. 46, 105 P. 2d 1060.

Plaintiff contends that the error in allowing the lien statement to be amended was cured by the court in requiring the remittitur above stated, thus reducing his recovery to the sum of $61.25, the amount claimed in the original petition and lien statement, and in limiting the lien against the premises to that amount. We agree with this contention. It is generally held that where the verdict returned by the jury is excessive and such excess is due solely to error of judgment, and where the excess is in a certain and definite sum and can be readily ascertained and calculated without in any manner invading the province of the jury, such error may be cured by remitting the excess. Horn v. Perry, 186 Okla. 541, 99 P. 2d 143, and cases therein cited. In the case of Smith v. Ogle, 196 Okla. 295, 164 P. 2d 992.

"Where an erroneous instruction affects only the amount of the verdict, and the amount which is attributable to such error is subject to calculation, the error is rendered harmless upon remittitur of the excess amount."

In this case, eliminating the element of damages claimed by defendant in his cross-petition, which we are obliged to do under the verdict of the jury, there can be no question under the evidence that plaintiff was entitled to recover the sum of $61.25, the amount claimed in the original petition and

lien statement. The remittitur required by the court, therefore, cured the error in allowing the lien statement to be amended.

Defendant further contends that the court erred in allowing plaintiff an attorney fee in the sum of $100. Plaintiff in his petition claimed only $75. The only evidence taken at the hearing on this question was the evidence of Mr. Connor, attorney for plaintiff. He testified that $100 was a very reasonable fee for the services rendered; that while in his petition he only claimed $75, he did not know at that time that plaintiff had performed extra work; that he had recovered a verdict for a sum in addition to that claimed in his original petition, or the sum of $150, and for this reason $100 would be a very reasonable fee. The record, however, discloses that plaintiff's amount of recovery was reduced to the sum as above stated.

Defendant contends that the court was without authority to allow plaintiff an attorney fee in excess of the amount claimed by him in his petition. Without deciding that the court in cases of this character is limited in allowing an attorney fee to the amount claimed in the petition, we conclude that since the main reason given by plaintiff for claiming an additional fee has failed, and considering all the facts and circumstances in the case, justice will be done by reducing the amount allowed as an attorney fee from $100 to $75, the amount claimed in the petition.

The judgment as so modified is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.