Argued March 7, affirmed as modified April 17, petition for
rehearing denied, former opinion modified June 19, 1963

# STATE ex rel KONEN CONSTRUCTION CO. v.
# UNITED STATES FIDELITY & GUARANTY
# COMPANY, GRAHAM et al

380 P. 2d 795

*H. H. Hahner,* Walla Walla, Washington, argued the cause for appellants and intervening defendants. On the briefs were Hutchinson, Schwab & Burdick, Portland, and Minnick & Hahner, Walla Walla, Washington.

*Paul C. Keeton,* Lewiston, Idaho, argued the cause for respondent and cross-appellant. With him on the brief were McCarty & Rosacker, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

The plaintiff, J. F. Konen Construction Co., contracted to supply crushed rock to the intervening defendants, hereinafter called Braden, in furtherance of Braden's road contract with the Oregon State Highway Department. The defendant United States Fidelity & Guaranty Company, hereinafter called USF & G, was surety on Braden's construction bond. The primary

questions concern the notice of claim required by ORS 279.526.

Plaintiff brought its action against USF & G, only. Braden petitioned to intervene, alleging he would have to pay any judgment against USF & G because of an indemnity agreement. The petition was granted and this action was not assigned as error. Braden filed an answer denying plaintiff's claim and counter-claiming for damages because of plaintiff's allegedly breaching its contract to furnish rock to Braden.

The action was tried before the court without a jury. The plaintiff was awarded damages in the amount of its prayer against USF & G. The court made a conclusion of law that Braden was liable over to USF & G for the amount of the judgment.

■ The first assignment of error is directed to the court's permitting the plaintiff to reopen its case to introduce evidence of the filing of notice and then to amend its complaint by adding an allegation that notice was filed. ORS 279.526 makes the filing of notice of claim a condition to maintaining an action on the bond. No such notice was alleged or proved at the initial trial. After the court indicated that it was finding for the plaintiff, the plaintiff tendered proposed findings of fact. To these defendants objected on the ground, among others, that there was no proof that a notice of claim was filed. The plaintiff moved to reopen the case to present such proof. The court allowed the motion and two months after the initial trial, received evidence of the filing of notice of claim and permitted plaintiff to amend its complaint accordingly.

The parties agree that the reopening of the case to admit additional evidence is a matter of discretion. The defendants contend here that there was an abuse

of discretion. The trial court should be the controller of proceedings in its court and only on rare occasions should its orders in this regard be overturned. We hold that the trial court did not abuse its discretion in reopening the case. *Arbogast et al v. Pilot Rock Lbr. Co.,* 215 Or 579, 336 P2d 329, 72 ALR2d 712, and cases cited at 595.

ORS 16.390 permits amending of a pleading "when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved." Contrary to defendant's contention, the amendment, while vital, did not "substantially change the cause of action." Therefore, it was properly allowed.

The defendants urge that, even if properly allowed, the amendment alleging giving of notice was defective in form. The amendment is not an accurate statement of the notice given or prescribed but on appeal the complaint, as amended, does state a cause of action.

■ The defendants contend that the notice of claim filed was ineffective in that it was filed before the acceptance of Braden's contract by the State Highway Department.

ORS 279.526 provides that the notice of claim must be filed, "prior to the expiration of six months immediately following the acceptance of the work by the affirmative action of the public body which let the contract." The initial claim was filed July 22, 1960. Braden's work was accepted September 29, 1960. Is a notice of claim effective which was filed before the "acceptance of the work"?

The defendant relies upon mechanic's lien and other statutory lien precedents. Those cases have held the lien must be filed after completion of the contract. For example, *Birkemeier v. Knobel,* 149 Or 292, 308,

40 P2d 694 (1935). Those cases involved an original contractor and such a person has no right to a lien until his contract is substantially complete. See Mechanics' Liens in Oregon, 29 Or L Rev 308, 338 (1949-1950). Here, the claimant is a subcontractor and his claim might mature long before all of the general contractor's work is completed and accepted by the governmental body. Under the mechanic's lien statute a subcontractor can file his claim of lien within 45 days after he has ceased working, regardless of whether or not the general contractor has completed his entire contract. ORS 87.035.

The statutory language fixing the extent of the period of time within which the notice of claim must be filed does not state or infer that the notice cannot be filed before acceptance. It states acceptance of the work is the time from which the six months is to be determined. The purpose of the time limitation, as stated in *School Dist. No. 1 v. A. G. Rushlight & Co.*, 232 Or 341, 375 P2d 411 (1962), would not lead to the conclusion that the notice must be filed *after* acceptance to be effective. It is held that the notice of claim, filed before acceptance of the general contractor's work by the governmental body, is in compliance with the statute.

■ The first notice of claim, filed before acceptance, was filed on July 22, 1960. It was in the amount of $11,798.83. On September 29, 1960, the job was accepted. On April 13, 1961, more than six months after acceptance, plaintiff filed an "Amended Supplemental Claim" in the total sum of $23,488.05. The judgment was for $20,977.02. Defendants contend judgment cannot be entered for more than the amount claimed in the initial notice as the second notice was ineffective having been filed too late.

No decisions on this issue under the Oregon statute or similar statutes of other jurisdictions have been found by counsel or the court. *Parker v. Everetts,* 196 Okla 408, 165 P2d 630 (1946), held that the amount claimed in a mechanic's lien foreclosure could not be raised at trial over that claimed in the notice of claim of lien.

In *School Dist. No. 1 v. A. G. Rushlight & Co.,* supra, it was stated that the purpose of requiring a notice of claim in public contracts is to enable the public body or the contractor to withhold payment from the one owing the claim in the amount stated in the notice. This is for the protection of the surety and in some instances, the contractor, if the claim is for a bill owed by a subcontractor. At the end of the filing period, six months after acceptance, all the parties can examine the claims, total up the amounts and determine whether payment of the claims will require a larger amount than that retained by the public body or the contractor, and, if so, how much.

When a claim is filed all persons who might be secondarily liable for the claim are very interested in knowing whether the amounts retained from the person primarily liable for the claim, or those secondarily liable but in an inferior position, are sufficient to cover the amount of the claim. If the retainages are sufficient and it is believed that no other claims will be filed, little activity is generated by the filing of a claim. However, if the retainages are not sufficient to cover the claim, or it is believed that the filing of one claim foretells more claim filings, the total of which may exceed the retainages, great activity may be triggered.

Those secondarily liable for the claim will be attempting to find security against any contingent li-

ability they might have. Those secondarily liable generally include everyone on the vertical construction chain. For example, if an unpaid claimant supplied metal to a sheet metal contractor, who is a subcontractor of the mechanical contractor, who in turn is a subcontractor of the general contractor, under the usual construction arrangements all would be secondarily liable for the metal supplier's claim in the event it was not paid by the sheet metal contractor; and, generally, each would have recourse over against the one beneath him in the chain; i.e., the general contractor against the mechanical contractor.

At the end of the filing period for claims the amount of claims is determined and action taken accordingly. If the retainages will cover the claims, claims are paid from it and any security released. If the retainages are not sufficient, the amount of the retainage is paid and payment of the balance is made by one or more of those secondarily liable. Security is released, partially released, or realized upon, depending upon the situation.

If the amount of claims, as well as the number of claimants, does not become fixed at the end of the six months period, the purpose for the limitation largely is destroyed. Until the maximum amount of the claims can be finally determined, everything is contingent and, as a result, retainages, capital, equipment and all other assets of everybody in the construction chain can be legally or practically frozen until such amount is determined. If the total amount of claims cannot be finally determined at the end of the period prescribed for the filing of claims, then everything must remain contingent until the statute of limitations for the filing of actions for claims due has expired; i.e., two years after acceptance. That is too long. This

would unnecessarily immobilize an important segment of business. In *School Dist. No. 1 v. A. G. Rushlight & Co.*, supra, it was pointed out that Oregon's six months filing period is longer than that of most jurisdictions.

We hold that the amount of a claim filed pursuant to ORS 279.526 cannot be increased after the time for filing claims has expired. The judgment in this case cannot exceed the amount of the claim initially filed, $11,798.83.

The defendant states there is no evidence to support that part of the trial court's findings denying a portion of the counterclaim for Braden's expense in hauling rock a longer distance than the contract with Konen contemplated. It is claimed this was incurred because Konen had not crushed a sufficient quantity at the east end of the job. There is evidence from which the court could find that Konen crushed the quantity at the east end that Mr. Coffey, Graham's project manager, told Konen was sufficient. There was evidence sufficient to support the court's finding on this issue.

■■ The court awarded interest from October 18, 1959, on the amount of the judgment. Defendants contend that interest should be allowed only from the date of judgment, or, at the most, from the date of the acceptance of Braden's contract by the state. A surety on a public works bond is liable for interest to unpaid laborers or materialmen from the date their charges become due. *City of Pendleton v. Jeffery & Bufton,* 95 Or 447, 188 P 176 (1920). Under the retainage provision of Braden's contract with the state, incorporated into his contract with plaintiff, the amount found owing plaintiff by Braden would not be due until acceptance of the work by the state. The judgment should

order that interest be paid commencing from the date of acceptance by the state.

The assignments of error concerning waste rock and rental rates have been considered with respect to both Braden and the surety. We have concluded that in neither was the trial court in error.

Plaintiff cross-appeals from the trial court's refusal to allow attorneys fees. Plaintiff asks for attorneys fees only in its second cause of action. By arithmetic it is apparent that plaintiff's second cause of action is the cause barred by reason of no timely notice being filed. The cross-appeal is denied.

Pursuant to amended Art VII, § 3, of the Oregon Constitution, judgment is to be entered for $9,870.24, with interest commencing September 29, 1960, and for costs and disbursements. Judgment is allowed only for $9,870.24 rather than in the amount claimed by the first notice. This is by reason of the same arithmetic referred to above. The first notice of claim was only for the amount claimed in the first cause of action. After the filing of the notice and the amended complaint it was discovered the amount was overstated and it was amended during the trial to $9,870.24.

Judgment is affirmed as modified.

**ON REHEARING**

On respondent's petition for rehearing.

McCarty & Rosacker, Portland, and Paul C. Keeton, Lewiston, Idaho, for the petition.

Hutchinson, Schwab & Burdick, Portland, and Minnick & Hahner, Walla Walla, Washington, contra.

DENECKE, J.

In our previous opinion we modified a judgment for plaintiff's first cause of action against the defendant USF & G. Under the power of this court

under Art VII, § 3, of the Oregon Constitution, we reduced the amount of the judgment. We reversed the trial court's entering judgment on the second cause of action against USF & G for the reason that no proper notice of claim had been filed. The trial court entered no judgment against the intervening defendants.

The plaintiff has petitioned for a rehearing, asking either that this court enter judgment on the second cause of action against the intervening defendants, Braden, or that the case be remanded to the trial court to permit it to enter such judgment.

Plaintiff, in its pleadings, consisting only of a complaint, did not ask for judgment against the intervening defendants. The intervening defendants, in their "Amended Complaint in Intervention," answered plaintiff's complaint. However, plaintiff did not file a pleading in response thereto. Plaintiff proposed a conclusion of law that plaintiff have judgment against intervening defendants for both causes of action. All defendants objected to this upon the ground, among others, that the action was not against the intervening defendants. No order was entered upon this proposal or the objections thereto because the plaintiff moved to reopen. Upon the reopening being allowed, plaintiff introduced evidence of notice of claim and amended its pleadings by alleging this notice. The plaintiff filed new proposed conclusions of law which were signed by the trial court. These recited that the intervening defendants were liable to the plaintiff for the amounts claimed in both causes of action and "were obligated to pay plaintiff" the total sum. The final conclusion stated: "Defendant United States Fidelity & Guaranty Company is obligated to plaintiff for the payment of said sum, and joint venturers-intervening defendants are liable over to defendant

United States Fidelity & Guaranty Company in the total amount it is required to pay to plaintiff." Judgment was against USF & G, alone.

The trial judge, when passing upon plaintiff's motion to reopen, questioned the correctness of the order permitting Braden to intervene, but went on to state: "Since it was allowed, I went solely into the merits of the case as to the defendants, Cora Graham and Clarence Braden, and more or less completely ignored the case against the United States Fidelity and Guaranty Company. Now, technically I may have been wrong in doing so and I don't recall and didn't follow any particular testimony as to the bonding company."

It is apparent from these proceedings that it clearly was found that the intervening defendants were indebted to plaintiff. On the other hand, the pleadings before this court do not provide any basis for entering a judgment against the intervening defendants. The trial court considered the case as one against intervening defendants, rather than USF & G, yet the trial court did not enter judgment against the intervening defendants. The intervening defendants speculate that plaintiff may have proceeded in this manner in a belief that such a course was necessary in order to secure an award of attorneys fees against USF & G. This may or may not be correct.

Obviously, it is the desire of this court to end litigation without the necessity of other actions being filed. However, it is not the desire of this court to encourage a procedure whereby a party selects one theory upon which to proceed and when that theory is unsuccessful upon appeal, attempts to change to another theory.

Our former opinion is modified to the extent that the judgment on the second cause of action is reversed,

but shall now be remanded. The trial court shall proceed in whatever manner is deemed necessary to determine whether or not judgment in the second cause of action shall be entered against the intervening defendants. The trial court's discretion shall be governed by ORS 16.390 and its general discretion to regulate the proceedings in its court.

As to the first cause of action, affirmed as previously modified; as to the second cause of action, reversed and remanded.