Argued February 2, affirmed April 21, 1965

# STATE OF OREGON ex rel KONEN CONSTRUCTION CO. v. UNITED STATES FIDELITY AND GUARANTY COMPANY, GRAHAM ET AL

401 P. 2d 48

*Paul C. Keeton,* Lewiston, Idaho, and *J. W. Ros-acker,* Portland, argued the cause for appellant. On the brief were Paul C. Keeton and McCarty & Rosacker.

*Dwight L. Schwab,* Portland, argued the cause for respondents. On the brief were Hutchinson, Schwab & Burdick, Portland, and Minnick & Hahner, Walla Walla, Washington.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

LUSK, J.

This case is here for the second time. See *Konen Const. Co. v. U. S. Fid. & Guar. Co.,* 234 Or 554, 380 P2d 795, 382 P2d 858. It commenced as an action against the United States Fidelity & Guaranty Company, hereinafter referred to as the surety, on a highway construction bond. Relator, J. F. Konen Construction Company, an Idaho corporation, hereinafter referred to as Konen, was a subcontractor who furnished rock to the general contractor, Cora Graham, doing business as Twin City Construction Company, and Clarence Braden, hereinafter referred to as intervenors. Before trial intervenors moved to intervene on the ground that they furnished the bond sued upon and had entered into an indemnity agreement with the surety under which they would be liable for any judgment against the surety. Over Konen's objection the motion was allowed and a pleading, erroneously styled "Amended Complaint in Intervention," was filed which was both an answer to Konen's complaint and a counterclaim for damages based on Konen's alleged breach of contract to furnish crushed rock to the intervenors.

Konen's complaint contained two causes of action, the first for the balance due for crushed rock furnished intervenors, the second for the balance due from intervenors for rental of equipment. There was also a demand for attorneys' fees. The case was tried before the court without a jury. The court found for Konen and against the surety on both causes of action, but disallowed the claim for attorneys' fees. The court made findings of fact and conclusions of law to the effect that intervenors were liable to Konen for the sums found due on both causes of action, that Konen was not liable to intervenors on their counterclaim and that intervenors were liable over to the defendant United States Fidelity & Guaranty Company. The only judgment entered, however, was against the surety.

From this judgment the surety appealed, as did intervenors, notwithstanding there was no judgment against them. This court affirmed, with some modification, the judgment on the first cause of action, but reversed as to the second cause of action because Konen had failed to give the statutory notice (ORS 279.526) of its claim for equipment rental. Konen cross-appealed from the court's disallowance of attorneys' fees and we affirmed the trial court's action in this regard for the reason that the only claim for attorneys' fees related to the second cause of action.

Konen petitioned for a rehearing, asking either that this court enter judgment on the second cause of action against intervenors or that the case be remanded to the trial court to permit it to enter such judgment. We thereupon modified our former opinion by remanding the case for further proceedings on the second cause of action. We said:

"Our former opinion is modified to the extent

that the judgment on the second cause of action is reversed, but shall now be remanded. The trial court shall proceed in whatever manner is deemed necessary to determine whether or not judgment in the second cause of action shall be entered against the intervening defendants. The trial court's discretion shall be governed by ORS 16.390 and its general discretion to regulate the proceedings in its court." 234 Or at 565-566.

The mandate contained the following direction:

"It further is ordered that plaintiff's second cause of action be remanded to said court for further proceedings to determine whether or not judgment shall be entered against the intervening defendants."

Upon the remand intervenors moved for a judgment of voluntary nonsuit and Konen moved for an order permitting it "to file a responsive pleading, which is tendered herewith, to Interveners Amended Answer and Cross Complaint to conform the pleadings to the proof in said cause." The tendered pleading contained a denial of the allegations of the so-called cross complaint and a counterclaim for the balance owing by intervenors for equipment rental. The two motions were heard together. The court denied intervenors' motion and allowed Konen's and the tendered pleading was filed. Thereafter intervenors filed an "Answer" in which they alleged affirmatively that Konen had refused to seek a judgment against intervenors until after the decision of this court on appeal for the sole reason that Konen sought an award of attorneys' fees from United States Fidelity & Guaranty Company.

■ After a hearing which consisted of an extended colloquy between court and counsel and the introduc-

tion of evidence by the intervenors, not pertinent to the question of their liability and which we regard as irrelevant, the court announced that it would dismiss the action without prejudice and made findings of fact and conclusions of law and entered judgment accordingly. From that judgment Konen has appealed.

We think the decision should not be disturbed.

The court made a conclusion of law that Konen waived its right to maintain its counterclaim against the intervenors.[1] This conclusion is clearly warranted. Konen knew that it was not entitled to a judgment against intervenors in the absence of a pleading to support it, and knew that the court was willing to enter such a judgment under a proper pleading; yet deliberately, it must be assumed, and for reasons still not disclosed, though full opportunity for disclosure has been given it, chose not to file an amended pleading until after the decision of this court.

■ In remanding the case we committed the decision of the question to the sound discretion of the circuit court. The discretion to be exercised by the trial court was not only the discretion to permit amended pleadings to be filed, as provided by ORS 16.390, but the "general discretion to regulate the proceedings in its court." This is the law of the case. In response to Konen's petition for rehearing we denied its request either to enter judgment against intervenors or to direct the trial judge to enter such judgment. Konen on this appeal would have us change the law of the case and direct the trial judge to enter judgment against intervenors, notwithstanding we previously held this to

_____

[1] As indicated by the judgment of dismissal "without prejudice," the waiver found applies only to the right of Konen to pursue its remedy in the case then before the court.

be a matter for the discretion of the trial judge. This we decline to do. If any change should be made in the law of the case, it might rather be to hold that we were in error in the first instance in not having denied outright Konen's petition for a rehearing. We could well have said that, there being no judgment against the intervenors, and Konen not having sought any relief against them by its cross-appeal, they were not even proper parties on the first appeal; but, if they were such parties, then we might have said that Konen, who had steadfastly refused to seek a judgment against the intervenors in the circuit court and likewise in the Supreme Court, until after a partially unfavorable decision here, was in no position to ask this court or the circuit court to approve its *volte face* and to give it the judgment which up to this time it had seemed to regard with disdain. This is a kind of trifling with the judicial process which courts frown upon,[2] and although some public inconvenience may result from the refusal to sanction it in this instance, that is the price which must be paid for the preservation of an essential of orderly procedure. These considerations may well have influenced the decision of the circuit judge. We find no abuse of the discretion which we committed to him and, therefore, have no authority to disturb his decision.

The judgment is affirmed.

O'CONNELL, J., dissenting.

In our previous opinion responding to plaintiff's petition for rehearing we concluded that "it clearly was found that the intervening defendants were indebted to plaintiff * * *. The trial court considered the

---

[2] See opinion on petition for rehearing in this case, 234 Or at 565.

case as one against intervening defendants, rather than USF & G, yet the trial court did not enter judgment against the intervening defendants."[1] We observed further that "the pleadings before this court do not provide any basis for entering a judgment against the intervening defendants." This suggests that we would have entered a judgment for plaintiff against the intervening defendants if the parties had joined issue. The parties have now done so.

When the case was remanded the trial court allowed plaintiff's motion for leave to file a pleading responsive to defendants' "complaint" in intervention (in fact an answer and counterclaim). That being so, there would seem to be no reason why the findings of fact and conclusions of law previously filed could not be adopted and the case disposed of by entering judgment for plaintiff. There is no reason for a retrial because, as the trial court observed, the case has already been tried as if it involved only plaintiff and the intervening defendants.

However, the trial court chose to dismiss the action without prejudice, making it necessary for plaintiff to file a new complaint and for a court to retry a case which has already been tried. The majority opinion endorses this time consuming and unnecessary pro-

---

[1] In this connection we commented as follows: "The trial judge, when passing upon plaintiff's motion to reopen, questioned the correctness of the order permitting Braden to intervene, but went on to state: 'Since it was allowed, I went solely into the merits of the case as to the defendants, Cora Graham and Clarence Braden, and more or less completely ignored the case against the United States Fidelity and Guaranty Company. Now, technically I may have been wrong in doing so and I don't recall and didn't follow any particular testimony as to the bonding company.'" Konen Const. Co. v. U. S. Fid. & Guar. Co., 234 Or 554, 565, 380 P2d 795, 382 P2d 858, 860 (1963).

cedure. I think that our mandate should require the entry of judgment for plaintiff.

I would not take this position if I thought that it would usurp or interfere in any way with the legitimate function of the trial judge in conducting his court. The trial court's original insistence that judgment be entered against intervening defendants can be justified only on the ground that the disposition of the case as to all the persons involved would serve the state's interest in the efficient administration of justice by eliminating the necessity of a subsequent separate action against the intervenors. But by dismissing the action without prejudice plaintiff is permitted to do the very thing the trial court originally sought to prevent. A dismissal of plaintiff's action with prejudice would be a meaningful sanction in vindication of the trial court's original insistence that a judgment be entered against the intervening defendants.

If a dismissal with prejudice cannot be entered under these circumstances, then there is no sanction except that which results from subjecting plaintiff to the inconvenience of filing another action which, since it may require the same court to retry the case, presents the spectacle of the judiciary cutting off its nose to spite its face.

It has been assumed that the trial court had the power to require plaintiff to take a judgment against the intervening defendants. I do not know whether the trial court has that power. The recognition of such a power in the trial court would have to rest upon the desirability of economizing the court's time by disposing of related matters even as to defendants who need not be joined as parties initially but who intervene and seek to present issues which the plantiff would rather litigate separately.

As I have previously indicated, the trial court's final action cannot be explained on the ground of economizing trial time. Moreover, when the cause was remanded with directions that the trial court exercise its discretion in disposing of the case "governed by ORS 16.390 and its general discretion to regulate the proceedings in its court," (234 Or at 566) it appears that the court did exercise its discretion by allowing plaintiff to join issue with the intervening defendants and then ruled that plaintiff had "waived" its right to maintain its "counterclaim" and further that plaintiff was "estopped" to do so. The basis for the "waiver" and "estoppel" are not clear. The record discloses that the trial court's action was probably motivated not by considerations contemplated by our mandate, but by a desire to avoid a further reversal by this court.[2]

We should finally dispose of this case by directing the entry of judgment for plaintiff against the intervening defendants.

---

[2] The trial judge remarked as follows: "I am sitting up here—if I do allow you [plaintiff] this and I do allow you judgment, I am going to get reversed again. I am not going to start getting reversed twice in the same case, gentlemen, and there is no use rehashing it. * * * [I]t is expensive, the multiplicity of lawsuits but I will be very honest with you, I am not going to get reversed again."